1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                           EASTERN DISTRICT OF WASHINGTON
7

8   TAMARA WENDLING,                    )
                                        )    No. CV-09-3090-CI
9             Plaintiff,                 )
                                        )    ORDER GRANTING PLAINTIFF'S
10  v.                                  )    MOTION FOR SUMMARY JUDGMENT
                                        )    AND REMANDING FOR ADDITIONAL
11  MICHAEL J. ASTRUE, Commissioner     )    PROCEEDINGS PURSUANT TO 42
    of Social Security,                 )    U.S.C. § 405(g)
12                                      )
              Defendant.                )
13  _____)

14       BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct.

15  Rec. 17, 22.)   Attorney D. James Tree represents Tamara Wendling

16  (Plaintiff); Special Assistant United States Attorney  Willy M. Le

17  represents the Commissioner of Social Security (Defendant).   The

18  parties have consented to proceed before a magistrate judge. (Ct.

19  Rec. 7.)  After reviewing the administrative record and briefs filed

20  by the parties, the court **GRANTS** Plaintiff's Motion for Summary

21  Judgment, and remands the matter to the Commissioner for additional

22  proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

23                              **JURISDICTION**

24       Plaintiff protectively filed for disability insurance benefits

25  (DIB) and Supplemental Security Income (SSI) on January 17, 2006.

26  (Tr. 8, 93.)   In her initial application, Plaintiff alleged

27  disability due to major depressive disorder, back pain and anxiety,

28
    ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
    REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. §
    405(g) - 1

with an onset date of September 18, 2003. (Tr. 93, 109.) Benefits were denied initially and on reconsideration. Plaintiff timely requested a hearing before an administrative law judge (ALJ), which was held before ALJ Richard Say on October July 15, 2008. (Tr. 8, 20-42.) Plaintiff, who was represented by counsel, and vocational expert Gary R. Jesky (VE) testified. (*Id.*) At the July 2008 hearing, the ALJ indicated a psychological evaluation was needed to further develop the record. (Tr. 41.) The additional evidence was entered into the record on or about January 26, 2009, without further proceedings. (Tr. 18-19.) The ALJ denied benefits on March 24, 2009, and the Appeals Council denied review. (Tr. 8-17, 1-4.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

### STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 2

*de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 3

age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A).  Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f).  "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id.* (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971).  This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation.  20 C.F.R. §§ 404.1520(a), 416.920(a).  At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 4

of proceedings and are briefly summarized here.  At the time of the hearing, Plaintiff was 40 yeas old with an eighth or tenth grade education and no high-school equivalency degree.  (Tr. 25, 327.) She testified she was in regular classes in the resource center during high school, where she received one-on-one instruction. (*Id.*) However, elsewhere in the record she reported she was in special education classes.  (Tr. 346.)  Although Plaintiff testified she was unmarried and lived alone in an apartment at the time of the hearing (Tr. 25-26), her marital status is unclear.  In March 2006, Plaintiff told her treating psychiatrist she was still married to a man she married in 1991, but had not seen since 1993.   She stated he married her to obtain his green card, and she was "hoping to divorce him."  (Tr. 213.)   In January 2009, she reported to an examining psychologist that she had never been married.  (Tr. 327.) Plaintiff has past work experience as an assembly worker (toys), a camp host, a dishwasher, housekeeper, and prep cook/cashier.  (Tr. 96.)   She testified she became unable to work after a 2003 car accident in which her back and shoulders were injured.  (Tr. 26.) She also stated depression and anxiety prevented her from working at the present.  (Tr. 27.)   She reported she was able to attend to personal needs and do some household chores such as cooking, dishes and laundry.  (*Id.*)  However, she stated she socialized very little. (Tr. 30, 32-33.)  She reported she could sit or stand for about ten minutes before she started hurting, and she needed to take naps two times a day for a couple of hours due to pain and depression.  (Tr. 31.)  She stated she was seeing a mental health professional two times a month for counseling and a psychiatrist every three months.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. §
405(g) - 5

(Tr. 32.)

**ADMINISTRATIVE DECISION**

ALJ Say found Plaintiff met the insured status requirements through September 30, 2006. (Tr. 10.) At step one, he found Plaintiff had not engaged in substantial gainful activity since September 18, 2003. (*Id*.) At step two, he found Plaintiff had severe impairments of borderline intellectual functioning; obesity; depression; anxiety; and back pain. (*Id*.) At step three, he found Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (*Id*.) At step four, ALJ Say determined Plaintiff had the residual functional capacity (RFC) to perform light work as defined by the Social Security regulations (Regulations) with the following restrictions: she is precluded from climbing ladders, ropes and scaffolds; she is limited to occasional climbing of ramps and stairs, stooping, crouching, crawling and kneeling; and she is limited to frequent balancing and should avoid hazards and vibrations. (Tr. 12.) He also determined Plaintiff was "limited to spoken simple instructions; no interaction with the general public; and limited to superficial interaction with co-workers." (*Id*.) Based on this RFC and VE testimony, the ALJ determined Plaintiff could perform her past relevant work as an assembler and a motel housekeeper. (Tr. 17.) He concluded Plaintiff was not disabled from the alleged onset date through the date of his decision. (*Id*.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 6

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error.  Plaintiff argues the ALJ erred when he: (1) found Plaintiff's impairments did not meet or equal a Listing; (2) rejected the opinions of her treating and examining doctors; (3) improperly rejected her testimony and the testimony of her friend; and (4) failed to conduct a proper step four analysis.  (Ct. Rec. 18 at 7.)

**DISCUSSION**

**A.   Credibility**

In his policy ruling, the Commissioner directs that:

> When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce  [alleged] symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities.  This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.

*SSR* 96-7p.[1]

In his evaluation of a claimant's statements as to the severity of impairments, pain, and functional limitations, the ALJ must make a credibility determination with findings sufficiently specific to

---

[1] Social Security Rulings are issued to clarify the Regulations and policy.  They are not published in the federal register and do not have the force of law.  However, under the case law, deference is to be given to the Commissioner's interpretation of the Regulations.  *Ukolov v. Barnhart*, 420 F.3d 1002 n.2 (9th Cir. 2005); *Bunnell v. Sullivan*, 947 F.2d 341, 346 n.3(9th Cir. 1991) (*en banc*).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 7

permit the court to conclude the ALJ did not arbitrarily discredit claimant's allegations. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002); *Bunnell*, 947 F.2d at 345-46. It is well-settled, however, that an ALJ cannot be required to believe every allegation of disabling pain, even when medical evidence exists that a claimant's condition may produce pain. "Many medical conditions produce pain not severe enough to preclude gainful employment." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Although an adjudicator may not reject a claimant's extreme symptom complaints solely on a lack of objective medical evidence, medical evidence is a relevant factor to consider. *SSR* 96-7p.

If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's symptom testimony. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ engages in a two-step analysis in deciding whether to admit a claimant's subjective symptom testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Under the first step, the ALJ must find the claimant has produced objective medical evidence of an underlying "impairment," and that the impairment, or combination of impairments, could reasonably be expected to cause "some degree of the symptom." *Lingenfelter*, 504 F.3d at 1036. Once the first test is met, the ALJ must evaluate the credibility of the claimant and make specific findings supported by "clear and convincing" reasons. *Id*.

In addition to ordinary techniques of credibility evaluation, the ALJ may consider the following factors when weighing the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 8

claimant's credibility: the claimant's reputation for truthfulness; inconsistencies either in his allegations of limitations or between his statements and conduct; daily activities and work record; and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Fair*, 885 F.2d at 597 n.5. As explained by the Commissioner in his policy ruling, the ALJ need not totally reject a claimant's statements; he or she may find the claimant's statements about pain to be credible to a certain degree, but discount statements based on his interpretation of evidence in the record as a whole. *SSR* 96-7p. The ALJ may find a claimant's abilities are affected by the symptoms alleged, but "find only partially credible the individual's statements as to the extent of the functional limitations." *Id*.

Although credibility determinations are the province of the ALJ, and "the court may not engage in second-guessing," *Thomas,* 278 F.3d at 959, the court has imposed on the Commissioner a requirement of specificity. *Connett v. Barnhart,* 340 F.3d 871, 873 (9th Cir. 2003); *Dodrill v. Shalala,* 12 F.3d 915, 917 (9th Cir. 1993). Even if the record includes evidence to support a credibility determination, the reasons must be articulated with specificity by the ALJ in his decision. The court cannot infer lack of credibility or affirm credibility findings "based on evidence the ALJ did not discuss." *Connett*, 340 F.3d at 874. Further, the reviewing court cannot make independent findings to support the ALJ's decision. *Id.*

Here, there is no finding of malingering. Although the ALJ summarized the medical evidence, and referenced Plaintiff's reports

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 9

to medical providers as well as medical provider observations and
opinions that could reasonably impugn Plaintiff's credibility, the
ALJ did not articulate any credibility findings.  For example, at
the hearing, Plaintiff testified she could sit and stand for only
ten minutes and needed to lie down two times a day for an hour each
time due to depression.  (Tr. 31.)  However, as noted by the ALJ in
his discussion of the medical evidence, medical providers found she
could perform light work, and her mental health therapist reported
she was doing very well on anti-depressants and reported she was
active and not feeling depressed.  (Tr. 13, 14.)

     Independent review also indicates Plaintiff's testimony was
inconsistent with reports to providers regarding her education and
marital status.  (Tr. 25, 213, 327, 346.)  She also exhibited a lack
of candor about past and present drug use.  Records show in December
2008, Plaintiff denied a history of drug use during an examination
with Dr. Toews.  However, in January 2009, Plaintiff reported to Dr.
Bates-Smith that she was using marijuana daily and had used
methamphetamine two years prior.  (Tr. 212, 326-27, 347.)

     Although the ALJ discussed evidence that might be a basis for
a rejection of Plaintiff's pain and symptom allegations, the court
cannot infer credibility.  Where evidence exists in the record that
may be a basis for a credibility finding, but specific "clear and
convincing" reasons for rejecting or discounting a claimant's
allegations are not articulated by the ALJ, remand for additional
proceedings is the proper disposition.  *Connett*, 340 F.3d at 876;
*Gonzalez v. Sullivan*, 914 F.2d 1197, 1202 (9th Cir. 1990); *Bunnell,*
947 F.2d at 348.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. §
405(g) - 10

**B.   Step Four Findings**

At step four, the ALJ found Plaintiff could perform two of her past jobs.  Plaintiff asserts the step four findings are deficient for several reasons: the ALJ did not make the requisite findings regarding her ability to perform work tasks, he did not make sufficient findings regarding the demands of her past work, and he relied on VE testimony that did not include all limitations supported by the record and Plaintiff's unrejected testimony.  (Ct. Rec. 18 at 15-19.)

Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion.  *SSR* 82-62.  This is done by looking at the "residual functional capacity and the physical and mental demands" of the claimant's past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).  Past relevant work is work performed in the last 15 years, lasted long enough to learn it and was substantial gainful employment.  *SSR* 82-61.  In finding that an individual has the capacity to perform a past relevant job, the decision must contain the following specific findings of fact:

1.   A finding of fact as to the individual's residual functional capacity;

2.   A finding of fact as to the physical and mental demands of the past job/occupation; and

3.   A finding of fact that the individual's residual functional capacity would permit a return to his or her past job or occupation.  *SSR* 82-62.

These findings must be based on the evidence in the record and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 11

must be developed and fully explained in the disability decision. Evidence of the physical and mental demands of a particular job is found primarily in statements and vocational documentation by the claimant and the medical evidence; supplementary information may be found in the DICTIONARY OF OCCUPATIONAL TITLES (DICOT), other administratively recognized publications, or vocational expert testimony. *SSR* 82-61, 82-62. Vocational experts are used most often at an ALJ hearing. *SSR* 00-4p. Step four requires specific findings on all three points sufficient "to insure that the claimant really can perform his past relevant work." *Pinto v. Massanari,* 249 F.3d 840, 845 (9th Cir. 2001); *see also SSR* 00-4p (vocational experts relied upon to provide more specific information about jobs than *DICOT*). Further, the final RFC must take into consideration the effects of severe and non-severe impairments, alone and in combination. 20 C.F.R. §§ 404.1545(a)(2); 416.945(a)(2).

Here at step four, the ALJ failed to make specific findings as to the demands of Plaintiff's past work as an assembler and motel clerk, taking into consideration Plaintiff's unrejected testimony regarding her exertional limitations, need to lie down twice a day, and back pain. (Tr. 17.) On remand, the ALJ will make new step four findings, including a new RFC assessment considering new, specific credibility findings, and explaining with specificity the weight given to unrejected physical and mental limitations assessed by the medical sources. Regarding examining psychologists Karen Bates-Smith, Ph.D., and Jay Toews, Ed.D., the ALJ will discuss thoroughly the evidence submitted by these acceptable medical sources and explain the weight given their objective test results,

their diagnoses of borderline intellectual functioning, and moderate and marked limitations assessed in their medical source statements. *SSR* 96-5p, 96-2p; (*see, e.g.*, Tr. 281-304, 383-405.)   As discussed below, medical expert testimony may be required to explain medical evidence and assist the ALJ in resolving ambiguities and/or conflicts.   Additional VE testimony will be taken to consider a hypothetical which includes all unrejected limitations assessed by medical providers (including those in the post-hearing evidence) and alleged by Plaintiff.

**C.   Step Three: The Listings**

Plaintiff argues the ALJ failed to consider or discuss whether she meets the criteria for Listing 12.05 (*Mental Retardation*), which she asserts is established by post-hearing IQ test results administered by Drs. Bates-Smith and Toews, and the ALJ's finding that she has severe impairments of obesity, depression, anxiety and back pain. (Ct. Rec. 18 at 9-11.)   She contends the evidence establishes that she is "disabled by statutory definition." (*Id.* at 11.)

The Commissioner has promulgated a "Listing of Impairments" that are "so severe that they are irrebuttably presumed disabling, without any specific finding as to the claimant's ability to perform his past relevant work or any other jobs." *Lester v. Chater,* 81 F.3d 821, 828 (9th Cir. 1995).   If a claimant's impairment does not meet the criteria specified in the Listings, he or she is still disabled if the impairment equals a Listing.   20 C.F.R. §§ 404.1520(d), 416.920(d).   If a claimant has more than one impairment, the Commissioner must determine whether the combination

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 13

of impairments is medically equal to any listed impairment.   20 C.F.R. §§ 404.1526(a),416.926(a).   A claimant's symptoms "must be considered in combination and must not be fragmentized in evaluating their effects."  *Lester,* 81 F.3d at 829.

Plaintiff has the burden of demonstrating disability under the Listings by producing evidence that her impairment meets all the specified medical criteria.  *Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990);  *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995).  An ALJ is not required, as a matter of law, to state why a claimant failed to satisfy every different Listing.  *Gonzalez v. Sullivan*, 914 F.2d at 1201.

Here, Plaintiff must produce evidence that her mental impairment meets both the description in the introductory paragraph, as well as the criteria in paragraph C.  The Introduction to the category of Mental Disorders Listings (12.00) explains in detail the Listing requirements:

> We will find that you have a listed impairment if the diagnostic description in the introductory paragraph <u>and</u> the criteria of both paragraph A and B (or A and C, when appropriate) of the listed impairment are satisfied.
>
> <u>A criteria of any of the listings in this section [12.00] cannot be considered in isolation from the description of the mental disorder contained in the beginning of each listing category.</u>
>
> The structure of the listing for mental retardation (12.05) is different from that of the other mental disorders listings.  Listing 12.05 contains an introductory paragraph with the diagnostic description for mental retardation.  It also contains four sets of criteria (paragraphs A through D).  <u>If your impairment satisfies the diagnostic description in the introductory paragraph AND any one of the four sets of criteria, we will find that your impairment meets the listing.</u>

20 C.F.R. Pt 404, Subpt. P, App. 1, Section 12.00 A. (*Emphasis*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 14

*added.*)

The diagnostic description in the introductory paragraph of Listing 12.05 states:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

Criteria C. requires:

> A valid verbal, performance, or full scale IQ of 60 through 70 with a physical or other mental impairment imposing an additional and significant work-related limitation of function. [2]

*Id.* Section 12.05 C.

Plaintiff has not provided conclusive evidence of an onset of subaverage general intellectual functioning with deficits in adaptive functioning before the age of 22. *See Randall v. Astrue*, 570 F.3d 651, 658-59 (5th Cir. 2009)(claimant's impairment under Listing 12.05 must satisfy the diagnostic description independently of the severity criteria); *Wall v. Astrue*, 561 F.3d 1048, 1062 (10th Cir. 2009) (evidence must demonstrate onset of subaverage intellectual functioning before the age of 22); *Novy v. Astrue*, 497 F.3d 708, 709 (7th Cir. 2007)(deficits in adaptive functioning "denotes inability to cope with the challenges of ordinary everyday

---

[2] By definition, severe impairments identified at step two are those impairments that cause a significant limitation on a claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); 20 C.F.R. Pt 404, Subpt. P, App. 1, Section 12.00 (*Mental Disorders*).

life" )(*citing* THE DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, TEXT REVISION (DSMIV-TR) 42 (4th ed.2000)).

A finding that an impairment meets or equals a Listing cannot be based on self-report. 20 C.F.R. § 404.1529(d)(3), 416.929(d)(3). Plaintiff's contradictory self-report regarding special education is insufficient to establish the requirements of the introductory paragraph. Further, "longstanding policy requires that the judgment of a physician or psychologist designated by the Commissioner on the issue of [Listing] equivalence on the evidence before the administrative law judge . . . must be received into the record as expert opinion evidence and given appropriate weight." *SSR* 96-6p. **The Commissioner advises when the evidence suggests a judgment of equivalence may be reasonable, the ALJ must call a medical expert to obtain an updated medical opinion regarding medical equivalence.** *Id.*

It is not clear from the record whether Plaintiff argued she met or equaled Listing 12.05 in her request for review by the Appeals Council. The Order of the Appeals Council references a brief submitted by Plaintiff's representative in April 2009, but it does not appear to be part of the record. (Tr. 4.) Therefore, the court cannot determine whether Plaintiff argued her theory regarding Listing 12.05 at the administrative level. *See Lewis v. Apfel,* 236 F.3d 503, 514 (9th Cir. 2001). Further, since the Borderline Intellectual Functioning diagnosis was identified in evidence submitted after the hearing, Plaintiff's representative did not have an opportunity to address the possibility that Plaintiff met or equaled Listing 12.05 during his opening or closing statements at

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 16

the hearing.  Because the record and findings by the Commissioner do not indicate adequate consideration of Plaintiff's mental impairments vis à vis Listing 12.05, remand for additional evidence, testimony, and findings is appropriate.

On remand, Plaintiff may submit additional evidence to establish the requirements of the introductory paragraph for consideration by the ALJ and, if necessary, by a medical expert who will testify as to whether a Listing is met or equaled.  It is possible Plaintiff may not succeed in proving she meets a Listing or is disabled by her impairments; however, because the ALJ's decision is tainted by legal error, remand is necessary.

CONCLUSION

The ALJ's decision is based on legal error.  Remand is necessary for specific, "clear and convincing" credibility findings, assessment of lay testimony as directed by *SSR* 06-03p, re-evaluation of the medical evidence in its entirety, and medical expert testimony.  Full consideration of the evidence, including the post-hearing psychological evaluations, may require a new hearing with additional testimony from a vocational expert at steps four and five finding.  Accordingly,

**IT IS ORDERED:**

1.  Plaintiff's Motion for Summary Judgment **(Ct. Rec. 17)** is **GRANTED;**

2.  The case is **REVERSED AND REMANDED** to the Commissioner for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and consistent with this Order;

3.  Defendant's Motion for Summary Judgment **(Ct. Rec. 22 )** is

1    **DENIED.**

2         4.   Application for attorney fees may be made by separate

3    motion.

4         The District Court Executive is directed to file this Order and

5    provide a copy to counsel for Plaintiff and Defendant. Judgment

6    shall be entered for **Plaintiff**, and the file shall be **CLOSED**.

7         DATED January 21, 2011.

8

9                      _____S/ CYNTHIA IMBROGNO_____
                       UNITED STATES MAGISTRATE JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. §
405(g) - 18